IN THE CIRCUIT COURT OF WARREN COUNTY, MISSISSIPPI

MARILYN JOHNSON                                                    PLAINTIFF

VS.                                               CAUSE NO. 14,0071-CI

SHADY LAWN, LLC d/b/a
SHADY LAWN HEALTH AND REHABILITATION CENTER        DEFENDANTS

## COMPLAINT

COMES NOW, Plaintiff, Marilyn Johnson, by and through her counsel of record, and files this Complaint against the Defendant, Shady Lawn, LLC d/b/a Shady Lawn Rehabilitation Center, (hereinafter collectively referred to as "Defendant") and in support thereof would respectively show unto the Court the following, to-wit:

I.

Marilyn Johnson is an adult resident citizen of Warren County, Mississippi and is the daughter of Mary Wright Johnson. Plaintiff is the sole wrongful death beneficiary of Mary Wright Johnson.

II.

Defendant, Shady Lawn, LLC d/b/a Shady Lawn Rehabilitation Center is a Mississippi Limited Liability Company doing business as a nursing home and rehabilitation center located in Vicksburg, Warren County, Mississippi. Defendant may be served with process by serving its registered agent, National Registered Agent, Inc., 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

FILED
AUG 26 2014
GREG A. PELTZ, CIRCUIT CLERK
BY_____ D.C.



EXHIBIT A

III.

Venue is proper in Warren County, Mississippi under Miss. Code of 1972 as amended, Section 11-11-3, because all the events giving rise to this action occurred in Warren County, Mississippi.

IV.

On or about July 22, 2013, Mary Wright Johnson began her residency at Shady Lawn Nursing Home in Vicksburg, Warren County, Mississippi. On August 21, 2013, decedent had a scheduled doctor's appointment at River Region Medical Center. Defendant's employees were charged with the responsibility of her care and transportation in a vehicle owned by Defendant. Decedent had completed her doctor's appointment and was being transported back to Defendant's facility by Defendant's employees when she was suddenly thrown against the window of the vehicle, severely lacerating her forehead.

V.

Mary Wright Johnson was returned to the emergency room at River Region Medical Center. She was treated for the laceration on her forehead and later, having a syncopal episode, was admitted into the hospital. She subsequently developed aspiration pneumonia and pleural effusion. On September 10, 2013 she died.

VI.

Defendant failed to discharge its obligations of care and treatment to Mary Wright Johnson. As a consequence thereof, she suffered severe physical injuries, excruciating pain and suffering and extreme mental anguish. The scope and severity of the negligence of Defendant's employees on August 21, 2013, while under the care of Defendant, caused or contributed to her death.

VII.

Plaintiff alleges that on all the occasions complained of herein, her mother was under the care, supervision and treatment of the Defendant's agents and/or employees and that the injuries and death complained of herein were proximately caused by the acts and omissions of Defendant, and/or its agents, employees or other representatives.

VIII.

The Defendant is jointly and vicariously liable for the negligent acts and omissions of all persons or entities under Defendant's control, either directly or indirectly, including its employees, agents, consultants and independent contractors, whether in house or outside entities, individuals or agencies causing and/or contributing to the injuries and death of Mary Wright Johnson.

IX.

At all times relevant hereto, the Defendant acted or failed to act either itself, or by and through its agents, servants and/or employees, and is legally liable for all damages caused by their negligence to Mary Wright Johnson, as set forth herein.

X.

At all times relevant, hereto, the Defendant controlled and supervised the activities of all individuals charged with the care of Mary Wright Johnson as averred herein and had a duty to assure their compliance with federal and state statutes, criminal laws, regulations and standard of care.

XI.

Plaintiff would show that the Defendant had a duty to render care and treatment to Mary Wright Johnson in a manner consistent with the minimum standard of care attributable to similarly situated personnel and institutions.

XII.

The Defendant owed a duty to Mary Wright Johnson to provide her with adequate and appropriate medical care, treatment and supervision, which reasonably prudent persons would provide under similar circumstances.

XIII.

Defendant owed a duty to Mary Wright Johnson to exercise reasonable care in providing care and services to her in a safe and beneficial manner.

XIV.

The Defendant breached this duty by failing to deliver care and services that a reasonably prudent person would have provided under similar circumstances and by failing to prevent tortuous conduct by its agents and/or employees.

XV.

Plaintiff would also show that the Defendant breached its duty to her mother in regard to the following non-exclusive particulars, all of which constitute negligence and/or malpractice on the part of such Defendant:

a. Failed to ascertain and assure that trained and competent nursing and/or medical personnel were and would be caring for and administering to Mary Wright Johnson and allowed untrained or unqualified personnel to care for, treat her and transport her;

b. Failed to employ sufficient and competent staff and other employees with which to provide reasonable, prudent and proper medical care and services to Mary Wright Johnson;

c. Failed to establish and enforce or reasonably comply with federal, state, industry and professional standards, bylaws, procedures, rules, policies and regulations reasonably designed for the care of patients and/or failed to comply with or require compliance with the Defendant's own standards, bylaws, rules, policies and regulations for the care of patients in Mary Wright Johnson's condition;

d. Failed to assign the duties of care or treatment to employees and other personnel who were adequately trained for such duties and/or failed to have trained and competent personnel with knowledge of what was required of them present at all times during the care of Mary Wright Johnson;

e. Failed to provide adequate supervision to protect Mary Wright Johnson from injury outside of Defendant's facility;

f. Failed to adequately monitor Mary Wright Johnson to prevent any harm or injury to her;

g. Failed to properly secure the wheelchair loaded in Defendant's vehicle in which Mary Wright Johnson was sitting at the time of the injury;

h. Failed to properly secure Mary Wright Johnson in the wheelchair in which she was sitting at the time of her injury;

i. Failed in other respects as will be shown through discovery and proven at trial.

## XVI.

A reasonably prudent medical care provider, under similar circumstances, would

foresee that the failure to provide the ordinary care listed above would result in devastating injuries to Mary Wright Johnson.

## XVII.

As a direct and proximate result of Defendant's agents and/or employees in failing to maintain a proper lookout and operate Defendant's vehicle in a safe and prudent manner, Mary Wright Johnson was seriously injured.

## XVIII.

At all relevant times, Defendant's agents and/or employees owed a duty to Mary Wright Johnson to operate Defendant's vehicle in a safe, reasonable and lawful manner.

## XIX.

Defendant's agents and/or employees breached this duty of operating Defendant's vehicle in a safe, reasonable and lawful manner and as a result directly and proximately caused injuries and damage to Mary Wright Johnson.

## XX.

Plaintiff further alleges that Defendant's agents and/or employees violated the Statutes of the State of Mississippi constituting negligence *per se* and that Mary Wright Johnson was among the class sought to be protected by the legislation and the said negligence *per se* is a direct and proximate cause of the resulting injuries and damages to Mary Wright Johnson. The statute violated by Defendant's agents and/or employees include, but are not limited to:

   a. Defendant's agents or employees drove Defendant's vehicle with a willful and wanton disregard for the safety of persons or property in violation of Section 63-3-1201; and

b. Defendant's agents and/or employees drove Defendant's vehicle in a careless and imprudent manner in violation of Section 63-3-1213; and

c. Defendant failed to report the accident to local law enforcement in violation of Section 63-3-807.

### XXI.

Based on the negligent conduct of Defendant, its agents or employees, Plaintiff demands judgment against the Defendant for compensatory damages in an amount to be determined by the jury to reasonably compensate for the mental and physical pain and suffering Mary Wright Johnson experienced prior to her death, medical expenses incurred, and an amount to be determined by the jury to reasonably compensate her for her loss of society and companionship of her mother and any other damages to be proven at trial, as well as all costs of court and prejudgment and post judgment interest.

### XXII.

Plaintiff demands trial by jury.

### XXIII.

Pursuant to Mississippi Code, annotated, 11-1-58, a copy of Plaintiff's Certificate of Consultation is attached hereto as Exhibit "A".

WHEREFORE, Plaintiff prays for a judgment against a Defendant in a sum to be determined by a jury of her peers at the trial of this cause, together with all costs and legal interest allowed.

RESPECTFULLY SUBMITTED,

MARILYN JOHNSON

BY: DEAN ANDREWS, JR.

OF COUNSEL:

Dean Andrews, Jr. (MSB No. 1600).
903 Jackson Street
Vicksburg, Mississippi 39183
Telephone: 601-636-4488
Facsimile: 601-636-4493
andr4439@bellsouth.net

## IN THE CIRCUIT COURT OF WARREN COUNTY, MISSISSIPPI

**MARILYN JOHNSON**                                                                **PLAINTIFF**

**V.**                                                                 **CIVIL ACTION NO. 14-0071-CI**

**SHADY LAWN, LLC, D/B/A SHADY LAWN**
**HEALTH AND REHABILITATION CENTER**                                **DEFENDANTS**

### NOTICE OF FILING OF NOTICE OF REMOVAL

Defendant, Shady Lawn, LLC d/b/a Shady Lawn Health & Rehabilitation Center ("Shady Lawn"), hereby gives notice to the Circuit Court of Warren County, Mississippi, that Shady Lawn filed a Notice of Removal with the United States District Court for the Southern District of Mississippi, Northern Division, and that this case has been removed to that court. A true and correct copy of the Notice of Removal is attached as Exhibit "A."

This, the 1st day of October, 2014.

> Respectfully Submitted,
>
> SHADY LAWN, LLC d/b/a SHADY LAWN
> HEALTH & REHABILITATION CENTER
>
> By Its Attorneys,
>
> BAKER DONELSON BEARMAN
> CALDWELL & BERKOWITZ, PC
>
> By: /s/D. Sterling Kidd
>      D. STERLING KIDD

JM DSK01 1336503 v2
2825932-000203 09/30/2014


EXHIBIT B

W. Davis Frye (MS Bar No. 10671)
D. Sterling Kidd (MS Bar No. 103670)
BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, P.C.
4268 I-55 North
Meadowbrook Office Park
Jackson, Mississippi 39211
Telephone: (601) 351-2400
Facsimile: (601) 351-2424

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing *Notice of Filing Notice of Removal* via the court's MEC system, and have served, via U.S. Mail, first-class postage prepaid, a true and correct copy of the same to the following counsel of record:

> Dean Andrews, Jr.
> 903 Jackson Street
> Vicksburg, MS  39183

This, the 1st day of October, 2014.

> /s/D. Sterling Kidd
> D. STERLING KIDD

2